UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-81-KSF

LM INSURANCE CORPORATION
and LIBERTY MUTUAL FIRE
INSURANCE COMPANY                                                                                    PLAINTIFFS

v.                                             **OPINION & ORDER**

CANAL INSURANCE COMPANY                                                                        DEFENDANT

\* \* \* \* \* \* \* \*

Currently before the Court is the motion of the Defendant, Canal Insurance Company ("Canal"), to alter or amend the Court's Opinion & Order of March 22, 2012 pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  This motion is now ripe for review.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The Plaintiffs, LM Insurance Corporation and Liberty Mutual Fire Insurance Company (collectively "Liberty Mutual"), filed this action for declaratory relief pursuant to 28 U.S.C. § 2201 *et seq.* and Rule 57 of the Federal Rules of Civil Procedure against Canal.  Specifically, Liberty Mutual sought a ruling declaring the scope of Canal's duties with respect to a lawsuit brought against Liberty Mutual and Canal's insured, Hinkle Contracting Corporation ("HCC"), in Bourbon Circuit Court, captioned *Pamela Henney, individually and as Executrix of the Estate of Charles Henney v. Hinkle Contracting Corporation, et al.*, Civil Action No. 09-CI-000325 ("the Henney Action"). After a discovery period, the parties filed their cross motions for summary judgment.

On March 22, 2012, the Court entered its Opinion & Order [DE #32] holding that Canal was

1

HCC's primary insurer and Liberty Mutual and LM were excess insurers. As a result, the Court determined that Liberty Mutual is entitled to full reimbursement from Canal for all defense costs it paid in defense of HCC, including prejudgment interest at 8% per annum. On April 19, 2012, the Court entered judgment in favor of Liberty Mutual for $421,925.51 plus prejudgment interest [DE #38]. The Bill of Costs tendered by Liberty Mutual [DE #35] has been referred to the Clerk of Court [DE #37].

Canal has filed a motion to amend or correct pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [DE #36]. In its motion, Canal challenges several of the Court's rulings. For the reasons set forth below, Canal's motion will be denied.

**II.     RULE 59(e)**

A motion pursuant to Rule 59(e) may be granted if there was "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005). Rule 59(e), however, cannot be sued to "re-argue a case" or "present new arguments that could have been raised prior to judgment." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008)

**III.    ANALYSIS**

Canal first argues that the Court erroneously denied its request for a hearing on the motions for summary judgment. It argues that without a hearing, the Court was unable to determine the reasonableness of the damages. The Court disagrees. Attached to Liberty Mutual's motion for summary judgment were affidavits, cancelled checks, invoices, check requests, and contracts in support of their claim for damages. The Court carefully reviewed this evidence and found these costs to be reasonable. Moreover, Canal chose not to participate in the defense of HCC. There is

no authority to allow Canal to second guess Liberty Mutual's decisions to hire consultants or to pay experts in conjunction with its defense of HCC.

Second, Canal argues that Liberty Mutual is not entitled to recover defense costs it incurred prior to the filing of the Henney Action. Canal, however, failed to raise any objection to these pre-suit costs prior to this motion despite the fact that the invoices for the pre-suit costs were tendered to Canal as an exhibit to Liberty Mutual's motion for summary judgment. It is too late for Canal to raise the argument at this time. *See Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Moreover, Liberty Mutual reasonably incurred this pre-suit defense costs in anticipation of suit being filed in light of the magnitude and circumstances of this claim. While the Canal Policy states that a duty to defense does not arise until a "suit" has been filed, the pre-suit defense costs incurred by Liberty Mutual were reasonable to legitimately protect HCC in anticipation of a suit being filed.

Third, Canal argues that Liberty Mutual's attempted tender was invalid under the terms of the Canal Policy and Liberty Mutual was not entitled to recover pre-tender expenses. This argument has already been rejected by the Court will not be reconsidered in the context of this Rule 59(e) motion.

Next, Canal contends that the Court erred in awarding pre-judgment interest to Liberty Mutual. Canal argues that because it was not a party to any agreement to incur defense costs for HCC, the damages are not liquidated as to Canal. However, the defense costs should have been paid by Canal pursuant to Canal's contract with HCC. Canal cannot be allowed to shirk its duty to defend, then fail to make Liberty Mutual whole for the lost use of its due and payable money during the time required to secure ultimate judgment. *See Lincoln Elec. Co. v. St. Paul Fire and Marine*

3

*Ins. Co.*, 210 F.3d 672, 691-94 (6th Cir. 2000).

Finally, Canal reasserts its arguments that LM's commercial general liability policy is primary and that Liberty Mutual's commercial auto policy is co-excess with Canal's Policy. The Court considered and rejected these arguments in conjunction with the motion for summary judgment. Canal has failed to present any "clear error" or "manifest injustice" which would warrant reconsideration by this Court.

Accordingly, the Court, being fully and sufficiently advised, hereby **ORDERS** that Canal's motion to alter or amend [DE #36] is **DENIED**. Liberty Mutual's Bill of Costs [DE #35] **REMAINS REFERRED** to the Clerk of Court.

This June 28, 2012.

Signed By:
*Karl S. Forester* KSF
United States Senior Judge